UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

03-71998

ANNA DIGGS TAYLOR

MAGISTRATE JUDGE PEPE

ROOFERS LOCAL 149 SECURITY BENEFIT TRUST FUND, ROOFERS LOCAL 149 PENSION FUND, ROOFERS LOCAL 149 VACATION-HOLIDAY FUND, ROOFING INDUSTRY PROMOTION FUND, ROOFERS LOCAL 149 JOINT APPRENTICESHIP FUND,

Plaintiffs,

Case No. 03-
Hon.

-vs-

EAST COAST SYSTEMS, INC., a Michigan Corporation, LAURENS M. WORKMAN and MIKE BULLOCK, Individually.

Defendants.

FILED
'03 MAY 22 PM 3:58
U.S. DIST. COURT CLERK
EAST DIST. MICH
DETROIT

**MICHAEL J. ASHER (P39347)**
**DAVID J. SELWOCKI (P51375)**
Attorney for Plaintiffs
1000 Maccabees Center
25800 Northwestern Highway
Post Office Box 222
Southfield, Michigan 48037-0222
(248) 746-0700

SULLIVAN, WARD, BONE, TYLER & ASHER, P.C.

## COMPLAINT

**NOW COME** the above-named Plaintiffs, by and through their attorneys, **SULLIVAN, WARD, BONE, TYLER & ASHER, P.C.**, and for their Complaint against Defendants EAST COAST SYSTEMS, INC., a Michigan Corporation and LAURENS M. WORKMAN and MIKE BULLOCK, Individually, state as follows:

1. Plaintiffs ROOFERS LOCAL 149 SECURITY BENEFIT TRUST FUND, ROOFERS LOCAL 149 PENSION FUND, ROOFERS LOCAL 149 VACATION-HOLIDAY FUND, ROOFING INDUSTRY

PROMOTION FUND, ROOFERS LOCAL 149 JOINT APPRENTICESHIP FUND, (hereinafter FUNDS) are Trust Funds established under and administered pursuant to Section 302 of the Labor Management Relations Act (hereinafter referred to as "LMRA"), 29 U.S.C. Section 186; and the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA"), 29 U.S.C. Section 1001 et seq., most of whom possess administrative offices in the City of Birmingham, Oakland County, Michigan.

2. Defendant EAST COAST SYSTEMS, INC., (Defendant EAST COAST) is a Michigan Corporation with its principal offices in Marietta, Georgia, and which conducts business in the State of Michigan.

3. Defendants, LAURENS M. WORKMAN and MIKE BULLOCK (hereinafter WORKMAN and BULLOCK, respectively) are owners/officers of Defendant EAST COAST and are believed to reside in the State of Michigan.

4. The individual defendants are responsible for running the day-to-day operations of the company and responsible for all decisions pertaining to the payment of contributions to the FUNDS, including decisions whether to pay contributions.

5. The individual defendants are employers or agents of an employer engaged in commerce in an industry or activity effecting commerce as defined in Section 501(1) and (3) of the LMRA, 29 USC §142(1) and (3), and within the meaning of §301(A) of the LMRA, 29 USC §185(A), or the agents acting in the interest of such an employer as defined in §501(3) of the LMRA, 29 USC §142(3). The individual defendants are employers within the meaning of §3(5) of ERISA, 29 USC §1002(5) and are thus obligated to make contributions to a multi-employer plan within the meaning of 29 USC §1145.

SULLIVAN, WARD, BONE, TYLER & ASHER, P.C.

6. At all times relevant hereto, Defendant EAST COAST was signatory to a Collective Bargaining Agreement with the Union – Roofers Local No. 149.

7. Plaintiff FUNDS are third-party beneficiaries of the Collective Bargaining Agreement.

8. Pursuant to the terms and provisions of the Collective Bargaining Agreement between EAST COAST and the Union, EAST COAST agreed to pay, in addition to wages, employee fringe benefit contributions to the FUNDS for each employee employed by EAST COAST as covered by the Agreement.

9. Pursuant to the Collective Bargaining Agreement, Defendant, EAST COAST is required to make fringe benefit contribution payments to be remitted with the standard contribution form no later than the 10th day of the month following the month in which the hours were worked.

10. That, pursuant to the Collective Bargaining Agreement, when such submission of payments and contributions are not timely made, the signatory employer is charged with liquidated damages and the costs of collection.

11. That pursuant to the Collective Bargaining Agreement, the trustees are authorized and empowered to examine and copy the payroll records and books of a signatory employer to permit the trustees to determine whether such employer is making the appropriate contributions under the Agreement.

12. That Plaintiffs are entitled as a matter of law to enforce collection of such delinquent fringe benefits pursuant to 29 USC §1132(g)(2) and §1145.



SULLIVAN, WARD, BONE, TYLER & ASHER, P.C.

13. This court has jurisdiction under §301 of the LMRA, 29 USC §185, this being an action arising out of the Collective Bargaining Agreement between the labor organization and an employer.

14. Pursuant to the terms of the applicable Trust and Plan documents, contributions when due become vested Plan assets.

15. That notwithstanding its contractual obligations, Defendants have failed and refused to pay its obligation and thus, has violated the Collective Bargaining Agreement.

16. By the above described omissions and breaches of the Collective Bargaining Agreement by Defendants, the Trustees of Plaintiff FUNDS may be required to deny employee beneficiaries of such funds for whom contributions have not been made, the benefits provided thereunder, thereby causing such employee beneficiaries substantial and irreparable damage.

17. Plaintiff FUNDS are without adequate remedy at law and will suffer immediate, continuing and irreparable loss and damage unless Defendant EAST COAST and WORKMAN and BULLOCK are ordered to specifically perform all obligations required under the Collective Bargaining Agreement.

18. That by the above described omissions and breaches of the Collective Bargaining Agreement by Defendants, the Trustees of the ROOFERS LOCAL 149 SECURITY BENEFIT TRUST FUND may be required to provide to employees of Defendant, EAST COAST, benefits provided thereunder, notwithstanding the failure of Defendant to make the proper contributions thereto, thereby reducing the corpus of such fund and endangering the rights of employee beneficiaries thereunder on whose behalf contributions are being made, all to their substantial and irreparable injury.

SULLIVAN, WARD, BONE, TYLER & ASHER, P.C.

19. That by the above described omissions and breaches of the Collective Bargaining Agreement by Defendants, the Trustees of the ROOFERS LOCAL 149 VACATION-HOLIDAY FUND will be unable to provide the payments to the employees covered by such plan of amountss required to be remitted by the employers on their behalf, together with the allocable portions of the earnings and increments thereon, all as in said plan provided.

20. That by the above described omissions and breaches of the Collective Bargaining Agreement by Defendants, the Trustees of the ROOFERS LOCAL 149 JOINT APPRENTICESHIP FUND will be unable to provide proper training to Roofer Apprentices, all to the substantial and irreparable injury to the contribuing employers engaged in the construction industry.

21. WORKMAN and BULLOCK are fiduciaries with respect to the various fringe benefit plans within the meaning of ERISA, 29 USC §1002(21)(A) in that they exercised discretionary authority or control respecting management or disposition of the assets of the plans.

22. By engaging in the acts and omissions described, WORKMAN and BULLOCK have breached their fiduciary duties regarding the FUNDS within the meaning of 29 USC §1104(a)(1)(A).

23. Individual defendants, LAURENS M. WORKMAN and MIKE BULLOCK, are personally liable based on breaching their fiduciary duties pursuant to 29 USC §1109(a).

**WHEREFORE**, Plaintiff FUNDS request that this Honorable Court grant the following relief:

A. Order a complete audit of Defendant EAST COAST's pertinent books and records, in order to determine the total amount of contributions owed to Plaintiff FUNDS;

SULLIVAN, WARD, BONE, TYLER & ASHER, P.C.

B. Enter a Judgment in favor of Plaintiff FUNDS against Defendants EAST COAST, WORKMAN and BULLOCK for all unpaid fringe benefit contributions, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and other sums as may become due to the FUNDS during the pendency of this action;

C. Enter an Order that jurisdiction of this matter be retained pending compliance with the court's orders;

D. Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreement as set forth above; and

E. Any such other further or different relief as may be just and equitable under the circumstances.

Respectfully submitted,

**SULLIVAN, WARD, BONE, TYLER & ASHER, P.C.**

By: ______________________
**MICHAEL J. ASHER (P39347)**
**DAVID J. SELWOCKI (P51375)**
Attorney for Plaintiffs
1000 Maccabees Center
25800 Northwestern Highway
P.O. Box 222
Southfield, Michigan 48037-0222
(248) 746-0700

Dated: May 22, 2003

W0286845/RL9-110599/cmpt

SULLIVAN, WARD, BONE, TYLER & ASHER, P.C.